**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:05CV01889** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **BARBARA D. GRAHAM** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et al.** | : | **DEFENDANTS** |

<u>**ORDER**</u>

Pending is Plaintiff's Motion to Remand and Supplemental Motion to Remand (Doc.

Nos. 7, 12).  Defendants have responded (Doc. No. 9).  Oral argument was heard at the status

conference on January 27, 2006.  Also pending is Defendant Qualitest's Motion to Dismiss (Doc.

No. 10).

**I.      BACKGROUND**

Plaintiff, a citizen of Alabama, contends that "the citizenship of the parties to this action

is not diverse as required by 28 U.S.C. § 1332," since Qualitest Pharmaceuticals, Inc is an

Alabama Corporation with its principal place of business in Alabama and the sales representative

defendants are all residents of Alabama.[1]  Defendants assert that the sales representatives and

Qualitest are fraudulently joined, and that "there is no 'reasonable basis' for [Plaintiff's] claims

against these Defendants."[2]

---

[1]Doc. No. 7, Ex. A.

[2]Doc. No. 7, Ex. B.

Plaintiff's Complaint alleges that she suffered personal injuries as a result of ingesting Premarin, Prempro, and MPA.  Plaintiff alleges the following claims against all Defendants: (1) a claim under the Alabama Extended Manufacturer Liability Doctrine ("AEMLD"); (2) negligence/wantonness; (3) breach of express warranty; (4) breach of the implied warranty of merchantability; (5) fraudulent misrepresentation; (6) fraudulent suppression.

## II.     REMAND STANDARD

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims.[3]  In reviewing a motion to remand, I must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence.[4]

If the plaintiff "has joined a non-diverse party as a defendant in its state case, the [defendant] may avoid remand - in the absence of a substantial-federal question - only by demonstrating that the non-diverse party was fraudulently joined."[5]  If there is "a 'colorable' cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder."[6]  However, in cases where "the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better

---

[3]28 U.S.C. § 1447(c).

[4]*In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1983) (*citing Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) *cert. dismissed* 484 U.S. 1021 (1988)).

[5]*Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003).

[6]*Id.* at 810.

2

practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'"[7] Yet, the "possibility of liability on the part of the allegedly fraudulently joined defendant 'must be reasonable, not merely theoretical,' and, 'in considering possible state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight.'"[8]  "However, in its review of a fraudulent-joinder claim, the court has no responsibility to *definitively* settle the ambiguous question of state law."[9]

### A.     Sales Representatives

As it concerns sales representatives, this case is much like another Alabama case -- *Bloodsworth v. Smith & Nephew*,[10] where the court concluded that a sales representative could not be liable under the AEMLD.[11]  After reviewing *Bloodsworth v. Smith & Newphew*, I believe the reasoning directly on-point and adopt it in full.  Accordingly, I find that there is no possibility that Plaintiff can establish a claim against the sales representatives under the AEMLD. I also adopt the *Bloodsworth* Court's analysis regarding the non-AEMLD claims and find that Plaintiff's fraud claim lacks specificity.

---

[7]*Id.* at 811 (*quoting Iowa Public Service Co. v. Medicine Bow Coal, Co.*, 556 F.2d 400 (8th Cir. 1977).

[8]*Legg v. Wyeth*, 428 F.3d 1317, 1325, n.5 (11th Cir. 2005) (citations omitted).

[9]*Filla*, 336 F.3d at 811 (emphasis in original).

[10]*Bloodsworth v. Smith & Nephew*, 2:05CV622-D, 2005 WL 3470337, at *6 (M.D. Ala. Dec. 19, 2005).

[11]*Id.* at *6 (*citing In re Rezulin Products Liabiltiy Litigation*, 133 F. Supp. 2d 272, 288 (S.D.N.Y. 2001); *In re Baycol Products Liability Litigation*, M.D.L. No. 1431, *4 - *7 (D. Minn. March 26, 2004)).

**B.     Qualitest Pharmaceuticals**

Defendants contend that Plaintiff cannot establish any claims against Qualitest Pharmaceuticals "since Qualitest never tested, developed, manufactured, or labeled any product at issue in this law suit."[12]  Defendants have submitted the affidavits of William S. Propst, Sr., President of Qualitest Pharmaceuticals, and Tom Young, CEO of Qualitest Pharmaceuticals to support their position.[13]  Both affiants assert that Qualitest never manufactured MPA and that it is only a distributor of finished generic prescription drugs.  Furthermore, the affiants contend that the labels on the drugs identify Qualitest as the distributor and indicate the appropriate manufacturing company, which is not Qualitest.

However, Plaintiff argues that "[u]nder the AEMLD, all those who are in the business of 'selling' an unreasonably dangerous product may be held liable for injuries caused by the defective product."[14]  Plaintiff also contends that Qualitest's status as a distributor does not release it from liability since it is "in the business of 'selling' an unreasonably dangerous product."[15]

Under the AEMLD, the causal relation defense permits defendants -- other than manufacturers -- to escape liability by:

> affirmatively show[ing] that it did not contribute to the defective condition, had no knowledge of it, and had no opportunity to inspect the product. In other words, there

---

[12]Doc. No. 7, Ex. C.

[13]Doc. No. 11, Ex. A.

[14]Doc. No. 7, Ex. D.

[15]Doc. No. 7, Ex. D.

was no causal relation in fact between his activities in handling the product, and its defective condition.[16]

Plaintiff contends that the Alabama Supreme Court has held that the lack of causal relation defense is not available to a "defendant who distributes a product under his own trade name."[17]   Qualitest contends that the "labels placed on the bottles of MPA . . . do not indicate that Qualitest manufactured MPA; rather, the labels identify Qualitest as the distributor and indicate the manufacturing company (which is not Qualitest)."[18]   Therefore, the exception to the causal relation defense is not applicable her, and the lack of a causal relation defense is available to Qualitest.

Plaintiff has not rebutted Qualitest's evidence that it does not manufacture MPA, but is merely a distributor, and therefore could not have contributed to the alleged defective condition of the product.  Qualitest has properly established that there is no causal relationship between Qualitest's sale of the product and Plaintiff's injuries.  Finally Plaintiff has provided no evidence -- Plaintiff makes only a bare allegation in a response to a motion to dismiss -- that Qualitest, as a mere distributor of a finished product, had an opportunity superior to Plaintiff's to discover the alleged defects in the drug.[19]

---

[16]*Mathis v. Harrell Co., Inc.*, 828 So.2d 248, 258 (Ala. 2002).

[17]*Casrell v. Altec Industries, Inc.*, 335 So.2d 128, 134 (Ala. 1976).

[18]Doc. No. 11, Ex. A.

[19]*See Wiggins v. American Home Products Corp.*, 2001 WL 34013629 (N.D. Ala. 2001) (finding that plaintiff fraudulently joined a pharmacy that was merely a distributor of a product).

**III.    QUALITEST'S MOTION TO DISMISS**

Qualitest Pharmaceuticals asserts that it should be dismissed because Plaintiff has failed to state a cause of action against it.  Based on the findings of fact and conclusions of law above, Qualitest's motion is well-taken.


**CONCLUSION**

Plaintiff's Motion to Remand and Supplemental Motion to Remand (Doc. Nos. 7, 12) are DENIED.  Defendant Qualitest Pharmaceutical's Motion to Dismiss is GRANTED and it is DISMISSED.

IT IS SO ORDERED this 8th day of March, 2006.


/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE